# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIER 32 MARINA, a California Limited Liability Company, dba PIER 32 MARINA,<br><br>Plaintiff,<br><br>v.<br><br>S/V LORENA GRAYCE, U.S.C.G. Official No. 681700, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, in rem,<br><br>Defendant. | Case No.: 19cv1495-MMA (AGS)<br><br>**IN ADMIRALTY**<br><br>**ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF DEFENDANT VESSEL**<br><br>[Doc. No. 3] |

Plaintiff, by and through its attorneys, Brodsky, Micklow, Bull & Weiss, L.L.P., having appeared and made the following recitals:

    1.    PLAINTIFF filed its Verified Complaint herein praying the DEFENDANT VESSEL be condemned and sold to pay their demands and for other proper relief.

    2.    PLAINTIFF accordingly anticipates that an Order will issue following its Application for Order Requiring Issuance of Warrant for Vessel Arrest, requiring that the Clerk of this Court issue a Warrant for Arrest of the DEFENDANT VESSEL, and

commanding that

    the United States Marshal for this District arrest and take into custody the DEFENDANT VESSEL and detain her in custody until further Order of this Court respecting same.

    3.    It is therefore contemplated that the United States Marshal will arrest the DEFENDANT VESSEL forthwith. Custody by the United States Marshal requires the services of one or more keepers, and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

    4.    PIER 32 MARINA, LLC, the Plaintiff herein, owns and operates the marina known as "Pier 32 Marina," which is located in National City, California. It has agreed to assume the responsibility for safekeeping of the said DEFENDANT VESSEL, and to act as her Substitute Custodian until further Order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping and preservation of the DEFENDANT VESSEL, at a cost not to exceed those prevailing rates of the Port of San Diego, as described below with further particularity in the Declaration of Jimi Laughery:

    a.    As soon as possible after assuming custody of the DEFENDANT VESSEL, at a cost of $200.00, photograph and/or video tape her interior and exterior, and prepare a written inventory of key equipment and property on the vessel which is not installed as part of the vessel;

    b.    Provide ongoing wharfage services at the rate of $3.00 per foot of overall vessel length per day (*i.e.*, 43 ft. x $3.00 = $129.00 per day).

    c.    Provide ongoing custodial services at the rate of fifty cents per foot of overall vessel length per day (*i.e.*, 43 ft. x. $0.50 = $21.50 per day). Custodial services shall include maintenance of the insurance specified below and general custodial services, including periodic inspection of mooring lines/fenders to assure safe and secure mooring, daily specific visual inspection of the exterior of the vessel for evidence of

water intrusion, tampering or any other problems. If it is determined that further action is necessary beyond those detailed herein the Substitute Custodian shall notify its counsel, so counsel can seek an appropriate Order from the Court.

        d.     Provide interior vessel inspections twice monthly, at the rate of $50.00 per inspection, in order to examine bilges and other areas below the vessel's waterline so as to confirm they do not contain oil or excessive levels of water, to confirm bilge pump(s) are operational, to verify that no intrusion by rodents or other pests has occurred, to confirm there is no indication the vessel has been accessed by anyone other than the Substitute Custodian, and to generally inspect the vessel's interior areas for evidence of damage or other problems not present during prior interior inspections.

        e.     Provide, at rates not exceeding the usual and customary rates prevailing in the Port of San Diego, additional services, including cleaning, minor maintenance, inspection of bottom by a diver for the purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions, as such services are deemed reasonably prudent and necessary to preserve and protect the DEFENDANT VESSEL, with such services to be invoiced at 15% above the Substitute Custodian's cost therefor.

        f.     In the absence of a Court Order the Substitute Custodian shall not run the vessel's engines or generators.

        g.     Provide other such services as might be required from time-to-time, by further Order of the Court.

        5.     The Substitute Custodian's responsibility shall not extend to inherent or latent defects or deficiencies in the hull, machinery or equipment, nor to any fines, penalties or costs related to the above.

        6.     The Substitute Custodian will not sell the DEFENDANT VESSEL or release her to anyone and/or let anyone aboard her, other than as necessary to comply with its Substitute Custodian duties, or in the case of emergency, or as otherwise directed by the Court.

7. PLAINTIFF, by the Declaration of Jimi Laughery has averred that PLAINTIFF has adequate facilities and supervision at Pier 32 Marina, LLC for the proper safekeeping of the DEFENDANT VESSEL, and that it maintains insurance policies which protect it against occurrences of negligence during its custodianship. Those policies include: (1) a marine general liability policy underwritten by Travelers Property Casualty Company of America ("TPCCA") with a policy limit of $1 million; (2) a Marine Operators Legal Liability Policy underwritten by TPCCA with a policy limit of $1 million; (3) a Protection and Indemnity Policy underwritten by TPCCA with a policy limit of $1 million; and (4) a Umbrella policy underwritten by TPCCA with a policy limit of $4 million. Further, in said Declaration the Substitute Custodian accepts, in accordance with the terms of this Order Appointing Substitute Custodian and Authorizing Movement of the Vessel, possession of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, which is the subject of the action herein.

8. PLAINTIFF, in consideration of the U.S. Marshal's consent to the Substitution of Custodian, has agreed to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, from the time the Marshal transfers possession of the DEFENDANT VESSEL over to said Substitute Custodian, and said PLAINTIFF further agree to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

**THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the Southern District be, and is hereby, authorized and directed upon seizure of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, in accordance with the Warrant for Arrest to be issued by the Clerk of this Court pursuant to

Order of the Court, to surrender the possession of the DEFENDANT VESSEL to the Substitute Custodian named herein, and that upon such surrender the U.S. Marshal shall be discharged from its duties and responsibilities for the safekeeping of the DEFENDANT VESSEL and held harmless from and against any and all claims whatever arising out of said substituted possession and safekeeping.

**IT IS FURTHER ORDERED** that PIER 32 MARINA, LLC be and is hereby appointed the Substitute Custodian of said DEFENDANT VESSEL, to retain the same in its custody at Pier 32 Marina, LLC for possession and safekeeping for the aforementioned compensation and in accordance with the Declaration of Jimi Laughery and the recitals herein contained until further Order of this Court.

**IT IS FURTHER ORDERED** that PLAINTIFF's attorney will served a copy of this Order on the DEFENDANT VESSEL's owner or apparent owner, and on all known maritime lien claimants and/or others with a known or suspected interest in the DEFENDANT VESSEL.

**IT IS SO ORDERED.**

Dated: August 12, 2019

HON. MICHAEL M. ANELLO
United States District Judge