# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIER 32 MARINA, a California Limited Liability Company, dba PIER 32 MARINA,<br><br>Plaintiff,<br><br>v.<br><br>S/V LORENA GRAYCE, U.S.C.G. Official No. 681700, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, in rem,<br><br>Defendant. | Case No.: 19cv1495-MMA (AGS)<br><br>**IN ADMIRALTY**<br><br>**ORDER GRANTING MOTION FOR INTERLOCUTORY VESSEL SALE AND AUTHORIZATION TO CREDIT BID**<br><br>[Doc. No. 14] |

On November 20, 2019, Plaintiff PIER 32 MARINA, LLC, d/b/a PIER 32 MARINA's ("Plaintiff") filed the instant, unopposed motion for interlocutory vessel sale and authorization to credit bid. *See* Doc. No. 14. Plaintiff argues that Defendant Vessel, known as S/V LORENA GRAYCE, U.S.C.G. Official No. 681700, should be sold to preserve its value because Defendant Vessel is liable to deterioration while in custody, the cost of keeping Defendant Vessel in custody is excessive, and there has been an unreasonable delay in securing the vessel.

The Federal Rules of Civil Procedure provide that upon application of a party

having custody of the subject property, the Court may order the property sold if the property is liable to deterioration while in custody pending the action, "the expense of keeping the property is excessive or disproportionate," or if "there is an unreasonable delay in securing the release of the property." Fed. R. Civ. P. Supp. R. E(9)(a).[1]

Plaintiff submits a declaration from Ray Jones, who opines that all vessels inevitably deteriorate over time. *See* Doc. No. 14-3 (hereinafter "Jones Decl.") ¶ 2. Jones declares that this is especially true when the vessel sits idle in a salt water environment and her engines and other equipment are not regularly operated. *See id.* Accordingly, the Court finds that Defendant Vessel is liable to deterioration while pending custody in this action. *See* Fed. R. Civ. P. Supp. R. E(9)(a).

Plaintiff also moves for interlocutory sale of Defendant Vessel on the ground that the cost of keeping Defendant Vessel in custody is excessive. The authorized costs associated with detaining and maintaining Defendant Vessel are accruing at a rate of approximately $4,515.00 per month. *See* Doc. No. 14-2 at 8. Jones has concluded that the fair market value of the Defendant Vessel at public auction will likely not exceed $58,000. *See id.* at 7. Plaintiff claims that there has been no prospect that anyone will post a bond or other adequate security to effect the release of the Defendant Vessel. *See id.* at 8. Plaintiff argues that as a result of the vessel remaining in custody, unavoidable custodial expenses continue to accrue that could otherwise be used to satisfy maritime lien claims. "Maintenance costs of several thousand dollars per month, particularly where [no attempt has been made] to answer Plaintiff's Complaint or secure the Vessel's release, are excessive and disproportionate." *Vineyard Bank v. M/Y Elizabeth I, U.S.C.G. Official No. 1130283*, No. 08CV2044 BTM WMC, 2009 WL 799304, at *2 (S.D. Cal. Mar. 23, 2009). Accordingly, the Court finds that the cost of keeping Defendant Vessel in custody is excessive.

---

[1] The Court notes that Plaintiff appears to cite to an outdated, but materially indistinguishable, version of Rule E in its Motion. *See* Doc. No. 14-2 at 4.

Plaintiff further contends that interlocutory sale is appropriate because there has been no attempt to secure the release of Defendant Vessel. Defendant Vessel was arrested in August 2019. Default was entered on November 7, 2019. *See* Doc. No. 13. There has been no attempt since that time to secure the release of Defendant Vessel. *See* Fed. R. Civ. P. Supp. R. E(5) (concerning release of property). Accordingly, the Court finds that finds that there has been an unreasonable delay in securing the release of Defendant Vessel.

## **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for interlocutory vessel sale as follows:

**IT IS HEREBY ORDERED** that, consistent with Supplemental Admiralty Rule E(9) and Local Admiralty Rule E.1(e) the United States Marshal be and hereby is directed and empowered to sell said DEFENDANT VESSEL and her engines, tackle, accessories, equipment, furnishings and appurtenances, as is, where is, at public sale at the first available time and date, after having first caused notice of said sale to be published daily in a newspaper of general circulation within the City of San Diego, California for at least seven days immediately before the date of sale; and

**IT IS FURTHER ORDERED** that such public notice specify the date, time and location for the sale of the DEFENDANT VESSEL; and

**IT IS FURTHER ORDERED** that, consistent with Local Admiralty Rule E.1(e)(2), such public notice specify that the last and highest bidder at the sale will be required to deposit with the U.S. Marshal a certified check or a cashier's check in the amount of the full purchase price not to exceed $500, and otherwise $500 or ten percent (10%) of the bid, whichever is greater, and that the balance, if any, of the purchase price shall be paid by certified check or cashier's check before confirmation of the sale or within three days of dismissal of any opposition which may have been filed, exclusive of Saturdays, Sundays and legal holidays; and

**IT IS FURTHER ORDERED** that any proceeds of said sale shall be held by it or

deposited by the United States Marshal in the Registry of this Court, pending further Order of this Court; and

**IT IS FURTHER ORDERED** that Plaintiff, having a secured maritime lien interest in the Defendant Vessel pursuant to the Commercial Instruments and Federal Maritime Lien Act (46 U.S.C. section 31301, *et seq.*) and being the only claimant in this action asserting a maritime claim against her, is authorized pursuant to Local Admiralty Rule E.1(e)(2) to credit bid at the auction of the DEFENDANT VESSEL, without payment of cash, a sum equal to its secured interest in the Defendant Vessel, consisting of the lien amount specified in PLAINTIFF's Verified Complaint ($124,196.40), plus its actual costs of suit through the date of the sale, including U.S. Marshal and other *custodia legis* expenses, with such costs and expenses to be calculated at the rates specified and authorized in the Order Appointing Substitute Custodian and Authorizing Movement of Defendant Vessel. However, as Plaintiff's maritime necessaries lien interest in the DEFENDANT VESSEL does not, as a matter of law, include attorneys' fees, such fees are not to be included in any credit bid Plaintiff makes; and

**IT IS FURTHER ORDERED**, pursuant to Local Supplemental Admiralty Rule E.1(e)(2), that if within three days of the auction date, exclusive of Saturdays, Sundays, and legal holidays, no written objection is filed, the sale shall stand confirmed as of course, without the necessity of any affirmative action thereon by a judge, except that no sale shall stand confirmed until the buyer has complied fully with the terms of the purchase.

**IT IS SO ORDERED.**

Dated: February 6, 2020

HON. MICHAEL M. ANELLO
United States District Judge